Dear Ms. Shirley:
You have asked this office if a member of the Clinton Historic District Commission may also hold elected office as member of the Clinton Town Council. We respond in the affirmative.
R.S. 42:63(D) generally prohibits one from holding either full-time or part-time employment in the same political subdivision in which the elected office is held; further, one holding elected office may not hold any full-time appointive office. However, the statute does not prohibit one from holding part-time appointive office, such as member of an historic preservation committee. See R.S. 42:63(D).[1]
Further, R.S. 42:64(A)(1) permits local governing bodies to appoint its members to "boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana.[2]
The historic preservation commission is such an entity, created by the local governing authority pursuant to R.S. 25:736.[3] A member of the local governing body may also hold a position on the historic preservation committee created by the governing body. Thus, the law permits the concurrent holding of the positions here under consideration.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:63(D) states:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
[2] LSA-R.S. 42:64(A)(1) states:
A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
(1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 ofthe Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent.
[3] R.S. 25:736 states:
After final consideration of the report and recommendations of the planning or zoning agency or commission or of the historic preservation study committee, whichever the case may be, and upon determining that creation and establishment of a historic preservation district is in the public interest, the governing body may pass an ordinance or law creating and establishing a historic preservation district. Prior to the enactment of any regulations authorized herein, the planning or zoning agency or commission, or the historic preservation study committee, whichever the case may be, shall submit suggestions to the governing body for a proposed ordinance or law, designed to implement and carry out the recommendations of said agency, commission, or committee and the provisions of the Chapter. The governing body may then review said suggestions, and upon determining that the adoption of said suggestions or alternatives is desirable, the governing body may have prepared and may pass an ordinance, law, or resolution, whichever may be applicable, enacting appropriate regulations in accordance with the provisions of this Chapter, and in accordance with the following guidelines, terms, and conditions:
(1) The chief executive official of the governmental unit shall appoint an historic preservation district commission consisting of not more than fifteen electors as designated in the ordinance, residing in the area served by the governmental unit, for four year terms each except that the terms of members of the first commission shall be staggered as set forth in the ordinance; and both they and their successors shall serve for four year terms thereafter. In making appointments, preference may be given as far as possible to members of historic, cultural, educational, archaeological, architectural, artistic and preservation organizations. Said appointments shall be subject to approval by a majority vote of the governing body. Only one historic preservation district commission may be established by a governmental unit except as prescribed under R.S. 25:745.
(2) A commission shall elect annually from its own number a chairman, vice-chairman and any other officers it deems appropriate. All members shall serve without compensation. Reasonable rules and regulations not inconsistent with this Chapter may be adopted.
(3) Subject to appropriations by the governing body, services of compensated clerical and technical assistants may be retained. Donations, trusts, contributions and gifts may be accepted by the historic preservation district provided that they are used to further the purposes for which it exists.
(4) Vacancies shall be filled by appointment in the same manner as the original appointments and any member may be appointed for another term or terms.
(5) Any member may be recalled at any time by the governing body for gross inefficiency, fraud or study neglect, but only after an open hearing and upon notice specifying the complaint involved.
(6) Notwithstanding any other provision of law to the contrary, the members of the Donaldsonville Historic District Commission shall be residents and electors of the district.